**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

METROPOLITAN LIFE INSURANCE
COMPANY,
            Plaintiff,

    v.                                                    C.A. No.

JEFFREY CHARLES, COLLEEN
COLEMAN, TIMOTHY COLEMAN,
and JOHN COLEMAN,

            Defendants.

**COMPLAINT**

Plaintiff Metropolitan Life Insurance Company ("MetLife") brings this action for interpleader relief pursuant to Federal Rule of Civil Procedure 22, 28 U.S.C. §1335 and 29 U.S.C. §1132 (a)(3) to require the Defendants to interplead , or settle amongst themselves, their claims to a $34,000 Death Benefit under Group Policy No. 105625-2-G (the "Group Policy"), resulting from the death of Robert F. Coleman.

Parties and Jurisdiction

1.      MetLife is a life insurance company operating under the laws of the State of New York.

2.      MetLife maintains its principal place of business in New York, New York.

3.      Upon information and belief, the Defendant Jeffrey Charles is an individual residing in the State of Florida.

4.      Upon information and belief, the Defendant Jeffrey Charles has no familial relationship with the decedent, Robert F. Coleman.

{W6790905.1}                                    1

5.    Upon information and belief, the Defendant Colleen Coleman is an individual residing in the State of Rhode Island.

6.    The Defendant Colleen Coleman is, upon information and belief, the daughter of the decedent Robert F. Coleman.

7.    The Defendant Timothy Coleman is, upon information and belief, an individual residing in the State of Rhode Island.

8.    The Defendant Timothy Coleman is, upon information and belief, the son of the decedent Robert F. Coleman.

9.    The Defendant John Coleman, is upon information and belief, an individual residing in the Commonwealth of Massachusetts.

10.    The Defendant John Coleman is, upon information and belief, the son of the decedent Robert F. Coleman.

11.    This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1335 and 29 U.S.C. §1132 (e) because this action is subject to and governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001 et seq. ("ERISA").

12.    Venue is appropriate in this District pursuant to 29 U.S.C. §1132 (e)(2) because multiple defendants may be found within this district.

Facts

13.    Robert F. Coleman was a resident of the State of Rhode Island and an employee of the National Grid USA Service Company, Inc.

14.    National Grid USA Service Company, Inc. sponsored and maintained an employee benefit plan that provided life insurance coverage for participants (the "Plan").

15.    Life insurance coverage for participants of the Plan was provided by the Group Policy issued by MetLife.

{W6790905.1}                                         2

16.    MetLife at all relevant times served as the Claim Administrator of the Plan.

17.    Robert F. Coleman was a Plan participant and was covered under the Group Policy.

18.    Robert F. Coleman initially designated Eleanor McGrane as a 100% primary beneficiary under the Plan.

19.    Robert F. Coleman on or about October 1, 2014, changed his designation of beneficiaries to his children, John, Colleen and Timothy Coleman.

20.    Robert F. Coleman again changed his designation on or about January 10, 2017, to name Jeffrey Charles as the sole primary beneficiary.

21.    Robert F. Coleman died on July 24, 2017, in the State of Florida.

22.    MetLife has determined that a Death Benefit of $34,000 is now payable under the terms of the Plan.

23.    MetLife has since received competing claims to the Death Benefit by or on behalf of the various Defendants.

24.    MetLife received a life insurance claim form, submitted by or on behalf of the Defendant Jeffrey Charles, pertaining to the Death Benefit arising from the death of Robert F. Coleman.

25.    MetLife also received a letter dated September 1, 2017, from the Defendant Colleen Coleman stating, in part: "we believe that foul play has occurred in the change of beneficiary made in January 2017.  It was clearly [Robert F. Coleman's] intent to name his children, but with his increasing cognitive impairment, changes were made by others."

## COUNT I - INTERPLEADER

26.    MetLife repeats and realleges all prior allegations of this Complaint.

27.    The Defendants have competing claims to all or a part of the Death Benefit under

the Plan.

28.     As a result, a dispute exists among the Defendants regarding who is/are the lawful beneficiar(ies).

29.     MetLife, as the Claim Administrator of the Plan, is a proper party to seek interpleader relief under 29 U.S.C. §1132 (a)(3)(b).  See Metro. Life Ins. Co. v. Bigelow, 283 F.3d 436 (2d Cir. 2002); Merchants Trust Co. v. Batchelder, 957 F. Supp. 532 (D. Vt. 1997).

30.     MetLife has a reasonable fear of multiple litigation and/or liability regardless of the merits of the competing claims and should not be obliged at its peril to determine which claimant(s) has/have the better claim.

31.     MetLife in uncertain as to which Defendant(s) is/are the proper recipient(s) of the Death Benefit.  The claims of the Defendants are such that MetLife cannot determine which individual(s) are legally entitled to the Death Benefit without assuming the responsibility of determining questions of law and fact.  Distribution of the Death Benefit to any Defendant could expose MetLife to the threat of multiple and vexatious litigation in the future as well as multiple liability for the same claim.

32.     MetLife has not in any respect colluded with any of the Defendants or anyone else concerning the matters in this action.  MetLife claims no beneficial interest in the Policy benefits and is a mere stakeholder in the funds.  MetLife is ready, willing and able to disburse the Death Benefit and, upon order of the Court, will deposit with the Registry of the Court the net Death Benefit at issue, after deducting MetLife's costs and attorneys' fees.

**COUNT II – ATTORNEY'S FEES AND COSTS**

33.     MetLife repeats and realleges all of the above allegations.

34.     MetLife is entitled to recover all attorney's fees and costs it has expended in filing this action pursuant to 29 U.S.C. §1132(g) and common law.

**WHEREFORE,** MetLife requests that the Court grant the following relief:

A.      That each of the Defendants be restrained and permanently enjoined from instituting or maintaining any action against MetLife related to the recovery of the Death Benefit under the Plan;

B.      That MetLife be permitted to deposit the Death Benefit into the Registry of this Court pending judgment;

C.      That the Defendants be required to interplead and settle among themselves their claims to the Death Benefit.

D.      That MetLife be discharged from all liability under the Plan and Group Policy with respect to the death of Robert F. Coleman;

E.      That MetLife be awarded its costs and attorneys' fees, and this this amount be deducted from the Death Benefit; and

F.      For such further relief as the Court may deem appropriate.

Respectfully submitted,

*/s/ Brooks Magratten*
Brooks Magratten, Esq. #3585
Pierce Atwood LLP
One Financial Plaza, 26th Floor
Providence, Rhode Island 02903
(401) 490-3422
(401) 588-5166 (Fax)
bmagratten@pierceatwood.com

*Attorneys for Plaintiff Metropolitan Life Insurance Company*

Date: July 17, 2018

{W6790905.1}                    5